UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES ARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-34 TS |
| ) | |
| CITY OF FORT WAYNE, ) | |
| GRAHAM RICHARD, Mayor of the City ) | |
| Fort Wayne, ALLEN COUNTY, KENNETH) | |
| FRIES, Sheriff of Allen County, ) | |
| LINDA BLOOM, Allen County ) | |
| Commissioner, INDIANA DEPARTMENT ) | |
| OF CORRECTION, and MIA KELSAW, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

Earlier today, the Court granted the Plaintiff's motion to proceed in forma pauperis. The Court now considers the Plaintiff Motion for TRO or Preliminary Injunction. The Court construes this motion as two separate motions: a motion for a temporary restraining order and a motion for preliminary injuction.

The Plaintiff, who has been classified as a violent sexual predator, has received notice that, in accordance with Indiana law and a City of Fort Wayne Ordinance, he may not live at his current residence located within 1,000 feet of a public park, and must move. The Plaintiff filed a Complaint alleging that the laws mandating such action violate his due process rights and the ex post facto clause of the Federal Constitution. He also filed a motion for a temporary restraining order or preliminary injunction that would prohibit the Defendants from removing him from his current residence.

The Plaintiff's motion for a temporary restraining order cannot be granted because it

lacks the procedural safeguards of Federal Rule of Civil Procedure 65(b). This Rule states:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that part's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

*Id.* The Plaintiff has failed the second requirement of the Rule, and the motion must be denied, even before its merits are considered.

The Plaintiff also requests that the Court grant preliminary injunction against the Defendants. The Court will withhold its ruling on this motion until the Defendants are properly served. *See* Fed. R. Civ. P. 65(a) ("No preliminary injunction shall be issued without notice to the adverse party."). At that time, the Court will set a schedule to address the matters brought up by the Plaintiff.

For these reasons, the Court denies the Plaintiff's Motion for Temporary Restraining Order and withholds its ruling on the Plaintiff's Motion for Preliminary Injunction.

SO ORDERED on March 14, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

2