UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES ARNETT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:07-CV-34-TS |
| MIA KELSAW, INDIANA DEPARTMENT OF CORRECTION, FORT WAYNE PAROLE DISTRICT, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff James Arnett's Motion for Preliminary Injunction.

**BACKGROUND**

On February 28, 2007, the Plaintiff, proceeding *pro se*, filed a civil rights Complaint against Mayor Graham Richard, Allen County Sheriff Kenneth Fries, County Commissioner Linda Bloom, and Mia Kelsaw of the Fort Wayne Parole Division of the Indiana Department of Corrections. The Plaintiff also moved to proceed without prepayment of fees, which the Court subsequently granted. Since filing his Complaint, the only Defendant the Plaintiff has served is Mia Kelsaw of the Fort Wayne Parole Division. The Plaintiff has not served Mayor Graham Richard, Allen County Sheriff Kenneth Fries, or County Commissioner Linda Bloom in accordance with Federal Rule of Civil Procedure 4. The Court previously advised the Plaintiff of the need to serve the Defendants in its March 14, 2007, Opinion and Order denying the Motion for TRO and withholding ruling on the Motion for Preliminary Injunction. On July 20, the Court

gave the Plaintiff until August 6, 2007, to serve these Defendants or to show good cause for his failure to do so. The Court advised the Plaintiff that his failure to serve the Defendants could result in dismissal without prejudice of his Complaint against those Defendants who remained unserved.

The Complaint alleges that new legislation affecting where sex offenders who are released from jail may reside became effective during the Plaintiff's period of incarceration for a 1994 rape conviction. The Plaintiff sued the Defendants pursuant to 42 U.S.C. § 1983, trying to prevent them from imposing a restriction on him that would require him to move from his current residence because it is within 1,000 feet of a park. The Plaintiff lives in his mother's house on Spatz Avenue in Fort Wayne. The Plaintiff also challenges a separate restriction that prevented him from living with or having contact with his minor children when he was released from jail in October 2002.

The Plaintiff makes several claims of wrongdoing in his Complaint. First, the Plaintiff alleges that the parole board's classification of him as a sexually violent predator and offender against children was not in accordance with Indiana Code § 35-38-1-7.5. Second, he claims that restricting him from having contact with his minor children, without a prior finding of fact that he poses a danger to them, and classifying him as a sexually violent predator, without a finding by an independent board of examiners or a court, violates his Fifth and Fourteenth Amendment due process rights. Third, the Plaintiff claims that the classification of him as a sexual predator is vague and ambiguous and therefore, unconstitutional under the Fifth and Fourteenth Amendments. Lastly, the Plaintiff alleges that the restrictions on his contact with his children and where he may reside —imposed after his conviction and sentencing— violate the ex post

facto clause of the Constitution. The Plaintiff seeks permanent injunctive relief and declaratory relief.

At the same time that the Plaintiff filed his Complaint, he filed a Motion for TRO and/or Preliminary Injunction requesting that the Defendants be prevented from requiring him to move from his mother's residence on Spatz Avenue. The Plaintiff maintains that he was given only thirty days notice to move and that any such move would be a hardship to him and to his aging mother. The Motion addresses only the restriction on the Plaintiff's residence and does not address the restrictions on his contact with his minor children.

On March 14, 2007, the Court denied the Motion for TRO on grounds that the Plaintiff did not follow the procedural safeguards set forth in Federal Rule of Civil Procedure 65(b). The Court withheld ruling on the Motion for Preliminary Injunction until the Defendants were properly served. Defendant Kelsaw has been served and on July 13 she filed an Answer. On July 20, the Court held a conference with counsel for Kelsaw and the Plaintiff to set an expedited briefing schedule on the Motion for Preliminary Injunction. The Plaintiff expressed his concern that the July 21 moving deadline set by the parole board was approaching and he would be arrested for violating the conditions of his parole. During a subsequent conference on this same date, the Defendant guaranteed that no arrest warrant would be issued for the Plaintiff's failure to adhere to the residency restriction condition of his parole until July 28, 2007. Counsel advised that the parole board has already granted numerous extensions since first informing the Plaintiff that he would need to find a new residence. The Court stated that it would issue a ruling on the Motion for Preliminary Injunction on July 27.

The parties have filed briefs in accordance with the Court's schedule.

**DISCUSSION**

**A.     Motion for Preliminary Injunction**

The Plaintiff asks the Court to issue a preliminary injunction prohibiting the Defendants from causing him to move from his current residence. He contends that he has a likelihood of success on the merits of his claims. In support, the Plaintiff cites *Doe v. City of Indianapolis*, 2006 WL 2289187 (S.D. Ind. Aug. 7, 2006), claiming that the court in that case "has ruled this matter unconstitutional as applied to similar plaintiffs." (DE 3, ¶ 6.) He also argues that because there is no evidence that residence restrictions are effective or that he presents a risk to children, the restriction is not rationally related to the public interest. In addition, he claims a violation of the ex post facto clause of the Constitution.

The Plaintiff argues that an injunction should issue because he has no adequate remedy at law, he will incur irreparable harm because he will have suffered a violation of his constitutional rights, he cannot afford to move, and his mother relies on him to perform household chores and duties that she cannot do herself. He asserts that the Defendant will not be harmed by allowing him to continue to live at the Spatz Avenue residence.

Defendant Kelsaw argues that the Plaintiff's action is not proper under § 1983 and should have been filed under 28 U.S.C. § 2254 because he is challenging the conditions of his parole, which is a form of custody. The Defendant provides certified copies of the Plaintiff's Conditional Parole Release Agreement dated October 21, 2003, Special Parole Stipulations for Sex Offenders imposed August 20, 2003, Standard Parole Stipulations for Sex Offenders dated January 26, 2004, and Sentence Summary. One of the standard parole stipulations for sex

4

offenders imposed on the Plaintiff in 2004 was that he not reside within 1,000 feet of "parks, schools, day care centers, swimming pools, beaches, theaters or places where children congregate." (DE 18-2 at 5, ¶ 4.) The Defendant contends that, to the extent the Plaintiff is challenging an ordinance or law restricting where he may reside (as opposed to a condition of parole), the Parole Board cannot offer relief and is not the proper party.

In his reply, the Plaintiff states that habeas is not appropriate because he is not "challenging the duration of his sentence or the fact that he is on parole or good time credits, but the procedures used to impose restrictions" which is a cognizable claim under § 1983. (DE 19 at 1.) He argues that the parole board acted unlawfully when it recently began enforcing a condition of his parole that he was exempt from in the past—not because of any change in his circumstances or new findings—but because of a change in the law.

B.  **Standard of Review**

As the Supreme Court has observed, "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

> To win a preliminary injunction, a party must show that it is reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest. *Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004). If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis, *id.*, which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied.

*Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

**C.     The Plaintiff Has not Established a Reasonable Likelihood of Success on the Merits**

The Court understands the Plaintiff's complaint against Defendant Kelsaw of the Fort Wayne Parole Division to be the following: Parole board, you cannot enforce the residency restriction listed in my conditions of parole against me (either in response to a new law or otherwise) because you, through former parole agents, previously granted me exemptions from this condition and allowed me to live in a residence that is located within 1,000 feet of a park. My circumstances have not changed and neither you, or any court, has made a finding that I pose a risk to children. *See, e.g.,* DE 19 at 2–4.

The problem with the Plaintiff's claim, as it currently stands before this Court, is this: The relief the Plaintiff seeks against the Fort Wayne Parole Division—to prohibit it from enforcing a condition of parole—cannot be obtained through 42 U.S.C. § 1983. Even assuming that the Defendants are requiring the Plaintiff to move from his current resident because of a new law, *see* DE 3, ¶ 5; DE 19 at 3, the record before the Court is that the only enforcement the Parole Board anticipates relates to the conditions of parole first entered in January 2004.[1] Regardless of the reason for no longer exempting the Plaintiff from the residency condition of his parole, the proper method to challenge the condition is through 28 U.S.C. § 2254.

"Parole is a form of custody, and a person seeking federal review of the terms of state custody must proceed under 28 U.S.C. § 2254, not under 42 U.S.C. § 1983." *Arnett v. Kemp et al.*, 121 Fed. Appx. 658, 659 (7th Cir. 2004) (citing *Williams v. Wisc.*, 336 F.3d 576, 579–80 (7th Cir. 2003), and *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977), and explaining that

---

[1] Although not mentioned by either party, P.L. 216-2007 appears to have modified Indiana Code § 11-13-3-4, describing conditions on parole, to restrict the parole board's ability to grant certain sex offenders a waiver from the prohibition on a parolee's residence as it relates to proximity to a school. *See* 2007 Ind. Legis. Serv. P.L. 216-2007 (West).

6

this same Plaintiff faced procedural obstacles in another § 1983 lawsuit where he challenged the constitutionality of a statutorily-mandated standard condition of parole regarding his contact with his minor children). Requirements imposed on parolees distinguish their position from those citizens who are free and not in custody. *Williams*, 336 F.3d at 579. For parolees, the "'conditions' of parole *are* the confinement." *Id.* The Plaintiff remains, by virtue of the conditions of his parole, "in custody." *See id.* ("It is because of these restrictions that parolees remain 'in custody' on their unexpired sentences and thus may initiate a collateral attack while on parole."). The challenged restriction on the Plaintiff's residency "define[s] the perimeters of [his] confinement," *Drollinger*, 552 F.2d at 1224, and eliminating or changing this requirement "would alter the confinement," *Williams*, 336 F.3d at 580.

In the Plaintiff's previous (2003) challenge to the condition of his parole regarding contact with his minor children, the Seventh Circuit stated that the distinction between § 2254 and § 1983 was important, in part, because the exhaustion requirement of § 2254 would enable the parole board to consider whether enforcement of the challenged condition was appropriate and would allow a state court to review the board's determination as a matter of state law. 121 Fed. Appx. at 559–60.[2] That distinction is equally important in this case where the Plaintiff believes the condition of parole prohibiting him from living within 1,000 feet of a park should not apply to him.

Because it would not be proper for this Court to convert the Plaintiff's § 1983 case into a claim under § 2254, this Court cannot consider the merits of the Plaintiff's claim against the

---

[2] Not only can the Plaintiff challenge the conditions of parole through § 2254, but he can also challenge the revocation of parole through post-conviction relief. *See Harris v. State*, 836 N.E.2d 267, 272 (Ind. Ct. App. 2005) (challenge to special conditions of parole and to revocation of parole).

Defendant. *See Copus v. Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a district court does not have authority to convert a defective § 1983 suit into a collateral attack); *see also Williams*, 336 F.3d at 580 ("Normally, collateral attacks disguised as civil rights actions should be dismissed without—rather than with—prejudice. That resolution allows the plaintiff to decide whether to refile the action as a collateral attack after exhausting available state remedies."). Given that § 1983 is not a proper vehicle for the Plaintiff's claims regarding the terms and conditions of his parole, he has shown no likelihood of success on his claim against the Defendant and the Court may deny the Motion for Preliminary Injunction without further analysis. *See AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 830 (7th Cir. 2002) ("That [the plaintiff] has shown no likelihood of success on the merits is reason enough to deny the motion for preliminary injunction without further discussion.") (citing *Mortgage Corp. v. Platinum Financial Group*, *Inc.*, 149 F.3d 722, 730 (7th Cir.1998) and *Ping v. Nat'l Educ. Assoc.*, 870 F.2d 1369, 1371 (7th Cir. 1989)).

Nonetheless, the Court adds that even if the procedural obstacle the Plaintiff faces did not exist, he would not be entitled to preliminary injunctive relief against Defendant Kelsaw. If, as the Plaintiff alleges, *see* Pl. Compl., ¶¶ 16–20, the residency condition was erroneously applied to him because the statute regarding sexually violent offender classification was not followed, he would not have a viable claim under § 1983. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). A claim that applicable state procedures were not followed does not state a valid § 1983 claim. *See, e.g., Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996)

8

(dismissing claim that defendants did not comply with applicable state regulations); *White v. Olig*, 56 F.3d 817, 821 (7th Cir. 1995) (holding that "failure to follow procedures mandated by state but not federal law . . . can only establish a state law violation" and are not remedial under § 1983). Therefore, even if the Plaintiff was not challenging a condition of parole that must be attacked collaterally, to the extent that he alleges that the Defendant did not comply with the statute itself, he does not state a claim under § 1983. *See* Compl., ¶ 18 (alleging that "[t]he defendants have not followed the above statute in determining whether or not Arnett is a sexually violent predator"); Compl., ¶¶ 19, 20 (arguing that classification is not proper as to the Plaintiff and his offense); DE 19 at 4 (arguing that the Defendant should not be allowed to impose restrictions that the Plaintiff was previously exempted from "without any basis for additional restrictions or a hearing process"). "State rather than federal courts are the appropriate institutions to enforce state rules." *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988).

      Because the Plaintiff claims that he has demonstrated a reasonable likelihood of success on the authority of *Doe v. City of Indianapolis*, 2006 WL 2289187 (S.D. Ind. Aug. 7, 2006), the Court mentions it briefly. The Plaintiff claims that the Southern District of Indiana has already held that restrictions similar to those challenged in this suit are unconstitutional. (Pl., Compl., ¶ 15.) In *Doe v. City of Indianapolis*, the court addressed the plaintiffs' motion to proceed in the action using anonymous names instead of their real names. 2006 WL 2289187, at *1–3. In granting the motion, the court did not make any ruling on the constitutionality of the county ordinance that the plaintiffs challenged in their suit. (Nor were the plaintiffs challenging conditions of parole.) Thus, that case has no bearing on this Court's analysis and does not support the Plaintiff's motion for preliminary injunctive relief.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Plaintiff's Motion for Preliminary Injunction [DE 3] is DENIED as to Defendant Kelsaw. As the Plaintiff has not perfected service of the Complaint or his Motion on Defendants Richard, Fries, or Bloom, the Motion [DE 3] is DENIED as to them also without prejudice to the Plaintiff refiling if service is made. The Plaintiff is reminded that he has until August 6, 2007, to serve these Defendants or show good cause why he has not done so, or face dismissal of his suit against any unserved Defendants.

In *Arnett v. Kemp*, 121 Fed. Appx. 658, 660 (7th Cir. 2004), the Seventh Circuit remanded the Plaintiff's case with instructions for the district court to dismiss the case outright, as it could not be converted into a § 2254 action. The Court finds that the same disposition is warranted in this matter. Therefore, this action is DISMISSED WITHOUT PREJUDICE against Defendant Kelsaw so that the Plaintiff can proceed under § 2254, assuming that the requirements applicable to collateral litigation are first satisfied.

SO ORDERED on July 27, 2007.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT